## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

ANDREW MARCH,

                    Plaintiff,

    v.                                          Civil Action No: 2:15-cv-00515-NT

AARON M. FREY, et al.,

                    Defendants.

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT ATTORNEY GENERAL AARON M. FREY'S MOTION FOR SUMMARY JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW

*Whatever "noise" Planned Parenthood chooses to complain about*

*is not a lawful or constitutionally permissible standard by which to enforce the*

*Maine Civil Rights Act against Plaintiff.*

### INTRODUCTION

Defendant Aaron M. Frey, on behalf of the Maine Office of the Attorney General ("OAG"), correctly asserts in his Motion For Summary Judgment With Incorporated Memorandum Of Law ("Summary Judgment Motion") that Plaintiff challenges the validity of the Maine Civil Rights Act ("MCRA") and its application to him. The contested provision of the MCRA makes it a violation to, inter alia, intentionally make noises loud enough to be heard inside of a building with the intent to jeopardize the health of persons receiving health care services or to interfere with the safe and effective delivery of those services within the building. 5 M.R.S. § 4684-B(2)(D) ("Noise Provision"). Defendant Frey argues that the OAG is entitled to summary judgment because it has not directly applied, threatened to apply, or coordinated to apply the Noise Provision against Plaintiff.

Based upon this premise, Defendant argues that there is no basis for either Plaintiff's as-applied First Amendment or his Equal Protection selective enforcement claims. Furthermore, Defendant argues that Plaintiff's vagueness claim against the Noise Provision fails because the Noise Provision meets constitutional muster. However, Plaintiff opposes Defendant's Summary Judgment Motion and the arguments set forth in it. Plaintiff asserts: the Noise Provision, as applied to Plaintiff, violates the First Amendment because it restricts Plaintiff's ability to express his opposition to abortion outside of Planned Parenthood's health care center in Portland, Maine; the Noise Provision is being selectively enforced against Plaintiff in violation of the Equal Protection Clause; and the Noise Provision is unconstitutionally vague.

## LAW AND ARGUMENT

Summary judgment is appropriate "where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The First Circuit has articulated the legal standard for deciding motions for summary judgment as follows:

> [T]he movant must adumbrate "an absence of evidence to support the nonmoving party's case." When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both "material," in that it might affect the outcome of the litigation, and "genuine," in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent.

*Brennan v. Hendrigan*, 888 F.2d 189, 191 (1st Cir. 1989) (citations omitted).

Granting summary judgment for the OAG is not appropriate.[2] First, Plaintiff has established the existence of numerous material and genuine facts upon which a reasonable jury could return a verdict in his favor. Second, the OAG has not established an absence of evidence to support

---

[1] Plaintiff fully incorporates herein and relies upon Plaintiff's Motion for Summary Judgment With Incorporated Memorandum of Law and Statement of Material Facts in support of his arguments in opposition to Defendant's Summary Judgment Motion.

[2] Plaintiff fully incorporates herein and relies upon Plaintiff's Response in Opposition to Defendant City of Portland's Motion for Summary Judgment With Incorporated Memorandum of Law and Statement of Material Facts in support of his arguments in opposition to Defendant Aaron M. Frey's Summary Judgment Motion.

2

Plaintiff's case.

Section 1983 supplies a private right of action against a person who, under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and federal laws." 42 U.S.C. § 1983. Municipalities are persons subject to Section 1983. *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978). There are two elements of a Section 1983 claim. Plaintiff must allege both: (1) a deprivation of a federal right, and (2) that the person who deprived him of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Since Plaintiff is seeking to establish municipal liability, he must also show that the deprivation of his federal right was attributable to the enforcement of a municipal custom or policy. See *Monell*, supra.

The Fourteenth Amendment creates numerous rights enforceable under Section 1983, namely substantive and procedural due process, the equal protection of the laws, and those rights in the Bill of Rights incorporated by the Due Process Clause of the Fourteenth Amendment. *Zinermon v. Burch*, 494 U.S. 113, 125, 129–38 (1990). These incorporated rights include rights protected by the First Amendment. *McDonald v. City of Chicago*, 561 U.S. 742 (2010). Substantive due process bars "certain government actions regardless of the fairness of the procedures used to implement them." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (quoting *Daniels*, 474 U.S. 327, 331 (1986)). Additionally, a Section 1983 defendant "may be held liable for those consequences attributable to reasonably foreseeable intervening forces, including acts of third parties." *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 561 (1st Cir. 1989). The requisite causal connection is satisfied if the defendant sets in motion a series of events he knew or reasonably should have known would cause third parties to violate the plaintiff's constitutional rights. *Id*. at 561; see also *Young v. City of Providence*, 404 F.3d 4, 23 (1st Cir. 2005); and *Los Angeles County v. Humphries*, 562 U.S. 29 (2010).

3

Under the exclusive specter of OAG discretion and enforcement, the MCRA creates a cause of action against any person who, "whether or not acting under color of law, intentionally interferes or attempts to intentionally interfere" with another person's rights secured by the United States or Maine Constitutions or state or federal law. 5 M.R.S. §§ 4681, 4682. The MCRA authorizes the *Attorney General* to bring civil actions against violators for injunctive or other appropriate equitable relief. 5 M.R.S. § 4681(1). In an action brought by the *Attorney General*, a violation of the MCRA is a civil violation for which a civil penalty of not more than $5,000 for each defendant may be adjudged. 5 M.R.S. § 4681(4). A violation of the MCRA can also result in injunctive relief, seriously curtailing a Defendant's Free Speech rights.  See*: State of Maine  v.  Brian Ingalls*, Cumberland Co. Sup. Ct., CV-15-497, Order on Motion for Preliminary Injunction (Justice Walker, 10/9/17). At issue in this matter is the MCRA's Noise Provision which forbids:

> any person, whether or not acting under color of law, to intentionally interfere or attempt to intentionally interfere with the exercise or enjoyment by any other person of rights secured by the United States Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State by . . . After having been ordered by a law enforcement officer to cease such noise, intentionally making noise that can be heard within a building and with the further intent either: (1) To jeopardize the health of persons receiving health services within the building; or 2) To interfere with the safe and effective delivery of those services within the building.

5 M.R.S. § 4684-B(2).

Accordingly, the OAG is the only entity in Maine responsible for both exercising prosecutorial discretion over whether to bring charges for alleged violations of the MCRA and for the actual prosecution of alleged violations of it. 5 M.R.S. §§ 4681, 4682. As the OAG points out "…[t]he Attorney General acts on referrals… [c]omplaints about potential civil rights violations, including violations of the Noise Provision, are initially investigated by the local law enforcement agency. … [i]f that agency identifies a possible violation of the MCRA, the agency then refers the matter to the Attorney General for prosecutorial review under the MCRA." OAG Summary

4

Judgment Motion, p. 4. For the OAG to argue it was not involved in the application of the MCRA to Plaintiff is absurd and mere semantics—by their own admission they are the only entity with the power to enforce it against him.

Through their policies and actions, co-defendant City of Portland, Maine ("Portland"), acting in concert with the OAG, is enforcing—and threatening to enforce—the Noise Provision in an as-applied manner against Plaintiff based solely upon complaints from the entity Plaintiff is speaking out against. The actions and policies of the OAG and Portland have granted to Planned Parenthood, Portland, Maine ("Planned Parenthood") a "heckler's veto" which chills Plaintiff's speech due to its content. A heckler's veto occurs when the government accepts restrictions on speech because of the anticipated or actual reactions of opponents of the speech (see generally *Terminiello v. Chicago*, 337 U.S. 1 (1949) and its progeny).

The OAG is the only entity authorized by law to bring civil actions against persons alleged to have violated the MCRA. Portland is a municipal entity whose officials, including police officers, are authorized to implement policies regarding enforcement of civil and criminal statutes, laws, codes, and ordinances within Portland—including the MCRA. Therefore, Portland must work in concert with the OAG to enforce the MCRA and has implemented policies which, upon receipt of a complaint under the Noise Provision by Planned Parenthood—the heckler—chill Plaintiff's speech. Threatened enforcement of the Noise Provision looms over Plaintiff's head like the Sword of Damocles because the OAG and their confederates in Portland allow Planned Parenthood to wield it as a heckler's veto. In effect, the OAG and Portland have created a defacto free speech buffer zone which is triggered by mere complaints from a heckler. The requisite causal connection between the OAG, Portland and Planned Parenthood is satisfied because through their actions and policies they have set in motion a series of events they knew or reasonably should have known would violate Plaintiff's rights.

5

The Planned Parenthood facility is located on a busy street with lots of traffic and noise—where parades are hosted and where various protests occur. The Planned Parenthood facility is located on a street where people yell, sing and play the guitar. It is located near a park called Monument Square that hosts events with amplified noise. Yet Planned Parenthood has only made complaints under the Noise Provision against Plaintiff and other pro-life protestors. Furthermore, since its inception, the MCRA and its Noise Provision have only been enforced by the OAG and Portland against pro-life protestors and only upon complaints from Planned Parenthood.

Per the written polices of Portland, the standard for enforcing the Noise Provision against Plaintiff is that it is "*good enough*" for Planned Parenthood to merely allege that they heard noise within the Planned Parenthood facility (a misinterpretation of the MCRA) and at most to offer a "*notion*" that any alleged noise is somehow affecting undisclosed medical procedures being administered to unnamed patients within an unidentified section of the Planned Parenthood facility (also a misinterpretation of the MCRA). Why would Planned Parenthood staff—who have admitted to making complaints based upon the *content* of Plaintiff's speech—not make such complaints when official policies permit them to silence speech they disagree with?

## **CONCLUSION**

Plaintiff's speech has been chilled, and he has ceased preaching and counseling on the sidewalk outside of Planned Parenthood. Plaintiff fears that if he continues to do so the OAG and Portland will make good on their threats to charge him pursuant to their policies for enforcing the Noise Provision. Accordingly, the Noise Provision, *as applied* to Plaintiff, violates the First Amendment because: it restricts Plaintiff's ability to express his opposition to abortion outside of Planned Parenthood; it is being selectively enforced against him in violation of the Equal Protection Clause; and it is unconstitutionally vague. Therefore, granting summary judgment on

6

behalf of the OAG is not appropriate and for the reasons set forth above, Plaintiff respectfully

requests that summary judgment not be entered in favor of the OAG on any claims.

Respectfully submitted,

/s/ Brandon Bolling
Brandon Bolling MI Bar #P60195*
Thomas More Law Center
24 Frank Lloyd Wright Drive
Ann Arbor, Michigan 48106
(734) 827-2001
bbolling@thomasmore.org
*Pro hac vice

/s/ Stephen C. Whiting
Stephen C. Whiting, Bar #559
The Whiting Law Firm, P.A.
75 Pearl Street, Suite 207
Portland, Maine 04101
(207) 780-0681
info@whitinglawfirm.com

Attorneys for Plaintiff

Dated:  July 22, 2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2019, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all parties of record.

<u>/s/ Brandon M. Bolling</u>